Cyrus M. Sanai, SB#150387
SANAIS
433 North Camden Drive
Suite 600
Beverly Hills, California, 90210
Telephone: (310) 717-9840

Counsel for Exclusive Beauty Club, LLC

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCLUSIVE BEAUTY CLUB, LLC, a Florida Limited Liability Company <br><br> Plaintiff, <br><br> vs. <br><br> RYMAX CORP, a New Jersey Corporation, dba RYMAX INC., AMERICAN INCENTIVES, and RYMAX MARKETING SERVICES; BRAINSTORM LOGISTICS, LLC, a New Jersey Limited Liability Company, dba LUXURY CLOSEOUTS and RYMAX INCENTIVE MARKETING; EVE KOLAKOWSKI, an individual;  JESSICA BROWN, aka JESSICA RENTAS, an individual; DANIEL A. TABS, an individual; and DOES 2 through 10, inclusive, <br><br> Defendants. | Case No.  CV <br><br> **COMPLAINT FOR:** <br><br> (1) FRAUD <br> (2) RELIEF UNDER FLORIDA RICO ACT. FLORIDA STATUTES CHAPTER 895 <br> (3)  RELIEF UNDER THE RACKETEER-INFLUENCED CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. § 1964 ET SEQ; <br> (4)  RELIEF UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.; <br> (5) RECOVERY OF PERSONAL PROPERTY (CLAIM AND DELIVERY) <br> (6) RELIEF UNDER PENAL CODE §496 <br> (7) TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP <br><br><br> JURY DEMAND |

Plaintiff Exclusive Beauty Club, LLC hereby alleges as follows:

**JURISDICTION**

1.      This court has jurisdiction under 28 USC §1331.  If and only if the federal cause of action is dismissed, in the alternative diversity jurisdiction is a secondary basis for jurisdiction. Venue is proper in this district and Division because the goods at issue are at the time of filing of this complaint are located in Riverside County, California and the wrongful diversion of goods occurred in Riverside County, California.

**THE PARTIES**

2.      Plaintiff, Exclusive Beauty Club, LLC ("EBC"), is a Florida Limited Liability Company with its headquarters in Miami, Florida.  It is a distributor and retailer of skin care products for various manufacturers.

3.      Defendant RYMAX CORP ("Rymax Corp") is a New Jersey Corporation with its headquarters at 19 Chapin Road, Building B, Pine Brook, NJ 07058. It has registered the aliases RYMAX INC., AMERICAN INCENTIVES, and RYMAX MARKETING SERVICES.

4.      BRAINSTORM LOGISTICS, LLC ("Brainstorm LLC") is a New Jersey Limited Liability Company with its headquarters at 19 Chapin Road, Building B, Pine Brook, NJ 07058.  It has registered the aliases LUXURY CLOSEOUTS and RYMAX INCENTIVE MARKETING.

5.      Defendant EVE KOLAKOWSKI ("Kolakowski") is, and at all relevant times hereto was, the President of RYMAX CORP.  She is a resident of New Jersey.      Defendant JESSICA BROWN aka JESSICA RENTAS ("Brown") is, and at all relevant times hereto was, the Senior Director of Luxury Goods and Gift Cards of RYMAX CORP.  She is a resident of New Jersey. Defendant DANIEL A. TABS ("Tabs") is the general counsel of Rymax Corp and functions in that capacity for Brainstorm LLC.  He is a resident of New Jersey.

6.      DOE 10 is the person or entity possessing the Shipment (as defined below) as of the date of this Complaint.

## COMMON ALLEGATIONS

7.     THE RYMAX ENTERPRISE ("the RE") is an association-in-fact comprising the above-referenced defendant individuals and entities, along with Brainstorm LLC,  and DOES 2-9.

8.     The RE has two related activities.  The first activity is creating corporate incentive programs for casinos to award goods to customers. These customers include Indian casinos in California and casinos in Las Vegas and New Jersey. In the course of operating this business, the RE must acquire a variety of consumer goods which are suitable as rewards or gifts, including luxury goods.  This business operates as the cover for its second, more profitable business: acquiring luxury goods which are subject to restricted distribution arrangements, and diverting such goods into the "gray market" of the United States.

9.     Purchasing items for distribution into the grey market is unlawful if the goods are acquired by theft, fraud, or bribery.  The RE acquires goods for distribution into the grey market by theft, wire and mail fraud, using three related schemes.  The first scheme is that one of the entities of the RE will acquire a large order of luxury goods for purported use in an incentive program directed at a corporations customers, workers or suppliers.  While some of the goods will be intended to be used for that purpose, the bulk will be immediately diverted to distributors and sales channels which are forbidden by the manufacturer.  The second scheme is that the RE will purport to be acting as agent for an undisclosed foreign buyer, and agree to purchase the goods for distribution in a country in which the manufacturer does not have a distribution network. In fact, the goods will not be acquired for export, but will quickly be diverted to a distributor or retailer in the United States which desires to sell these goods but is not authorized to do so.  The third scheme is that the RE will act as an agent for a bona-fide third party to purchase goods, obtain approval for such third party to purchase the goods, then RE will steal the goods from the third party and resell them.

10.     The shares and membership interests of Rymax Corp and Brainstorm LLC are split between Kolakowski and the founder of these entities, Marc Farbstein.  Kolakowski is the President of both entities and the RE.  Brown is the key person for acquisition of products for grey

market diversion on behalf of Rymax Corp.  New Jersey attorney Tabs is the general counsel of Rymax Corp and functions as the consigliere of the RE.  In particular, Tabs advises on the use of Does 2-9 to conceal the distribution of goods acquired by Brainstorm LLC and provides additional misrepresentations and false statements to discourage litigation if the diversion of goods into the grey market is excpected. The other 44 employees of Rymax Corp and Brainstorm LLC operate the legal side of the business of corporate gifts and incentives to corporate clients which award incentives.  In the performance of the fraud, Rymax Corp acts as the front for soliciting vendors to sell products either to Rymax Corp as a putative agent, or for the corporate incentive programs which Rymax Corp does operate.  Brainstorm LLC purchases products from vendors and then, directly or through sales made to Does 2 through 9 and then to a grey market purchaser, conducts the actual sales of goods.

11.     On or about November 27, 2018 Plaintiff EBC was introduced to Kolakowski.  At a meeting on February 14, 2019 at Carpaccio Restaurant at Bal Harbor Shops, Kolakowski orally represented to EBC owner  Roger Baumann, that Rymax Corp, as agent, represented a Chinese buyer for certain products distributed by EBC that are manufactured by the international drug behemoth Allergan under the brand name Skinmedica.  Skinmedica is a line of skin care products the distribution of which in the United States is limited to authorized distributors.  She represented that the buyer "was located in China" and would not distribute the products in the United States, but would instead sell the products on Chinese equivalents of Amazon, such as VIP.com, JD.com, Tmall.com and Taobao.com.  Baumann explained that as a condition of the purchase of Skinmedica products, Allergan required that the goods be sold to international purchasers or certain limited US purchasers.  Moreover, Allergan explicitly required that EBC's purchases  not directly be or indirectly sold to a specific regional and Internet retailer ("RetailerCo").  Previously Allergan had litigation and disputes with RetailerCo and Plaintiff had a prior shipment of Skinmedica products unlawfully diverted to RetailerCo, and any additional instance of such diversion would injure EBC's relationship with Allergan.  Kolakowski stated that under no circumstances would the shipment be sold by Rymax Corp to or diverted by Rymax Corp's

"client" to RetailerCo.  Baumann told Kolakowski that EBC was required to obtain the approval of Allergan on this transaction.

12.     On April 11, 2019, Brown sent an email to, among others, Baumann, stating:

> Hope all is well. I just wanted to follow up on this PO. Can you please advise if it has been approved?

Baumann immediately replied to Brown, Kolakowski and others by email that:

> I have to speak with either you, Jessica, or Eve to get this order cooking. We have some logistics to discuss.
>
> Who is the person to speak with?

Brown stated by return email that she was the person to speak with.  Baumann left a message with Brown informing her that he needed additional proof that the customer was bona-fide and in China.

Brown sent an email to Baumann on April 11, 2019 asking

> Would a copy of the BOL work?

13.     The next day, April 12, 2019, EBC executive Marla Wills sent an email to Jessica Brown asking the following question:

> Thank you Jessica for the information.
>
> Can you please confirm the final destination for this order is China?
>
> Thank you!
>
> Marla

On April 12, 2019, Jessica Brown replied as follows:

> Hi Marla, correct.
>
> Thanks!

14.     On April 17, 2019 Baumann wrote and dispatched an email to Brown and Kolakowski stating in relevant part:

> Jessica,

COMPLAINT

Yes, a BOL would be helpful. Or a PO from the end buyer. Any supporting docs…..

I cant have this go to [RetailerCo,] Skinmedica has been doing buybacks and

tracking the products sold on [RetailerCo]. I was contacted by SkinMedica

yesterday from a different order that was re-routed to [RetailerCo] ……

Anything that will help alleviate concerns is greatly appreciated. Eve has promised

that this won't go to [RetailerCo] USA, but if you can give me something that will

provide additional support, that would be awesome.

Another idea to help remove any concerns is that we ship as we originally

suggested. We can welcome your inspector and verify goods. Then, we can prep and

ship to the end buyers. I can have my attorney create an affidavit or an agreement to

protect from circumvention, but I promise I will not circumvent.

The concern stems from the fact that we see no SkinM for sale on JD, Tmall and

Taobao. So, please help us with this.

Thoughts?

15.     EBC and Allergan accepted the representations and supporting documentation

from Brown and Kolakowski made on behalf of the Rymax Corp in furthering the scheme of the

RE.  The goods, listed in attachment B hereto (the "Shipment") were delivered to EBC's Miami

office; Rymax staff was sent to EBC's office to inspect, reconcile and repackage the goods and

then shipped them to New Jersey at their expense with their chosen shipper directly to Brainstorm

LLC, in New Jersey, pursuant to the purchase order on April 24, 2019.  EBC placed five (5) GPS

and cellular phone trackers in the packaging.  These trackers were not found by the RE team

during repacking/shipping.  The Shipment was transported to the offices of Rymax Corp and

Brainstorm LLC by truck to New Jersey on or about April 25, 2019.  The Shipment remained in

New Jersey for approximately 22 days, then was trucked to California beginning on May 18, 2019. The movements of the Shipment were tracked from Miami to New Jersey and finally to their ultimate destination by the trackers. After the Shipment was picked up from Miami, Brown requested fulfillment of a new order. EBC demanded proof that the Shipment had been sent by sea to China. Instead of sending a bill of lading, three days after the Shipment was picked up from the New Jersey offices of Rymax Corp and Brainstorm LLC, Brown emailed to EBC on May 21, 2019 a fake shipping reservation, attached hereto as Exhibit A.

16.     The trip to California ended in Mira Loma, California, on May 23, 2019. The trackers showed that the Shipment was delivered to a location inside, or just outside, the Mira Loma distribution center of RetailerCo. The undersigned counsel was engaged to address this matter and immediately called the general counsel of RetailerCo on May 23, 2019. RetailerCo engaged the law firm of Greenberg Glusker to investigate. On May 24, 2019 Greenberg Glusker's attorneys represented that RetailerCo was the purchaser of the Shipment and stated that they believed that the goods were in RetailerCo's possession.

17.     Even after being confronted with the diversion, Brown continued to lie to EBC about the diversion of the goods. On May 23, 2019, Baumann emailed Kolakowski and Brown to inform her that the Shipment had been tracked to Mira Loma. Brown wrote back by email to Baumann the same date that:

Roger,

We have contacted our client and are awaiting a response. We take these matters very seriously and will do what we can to get you answers as quickly as possible.

Best,

Jessica

18.     On May 24, 2019 Baumann emailed Kolakowski and Brown, informing them that RetailerCo had confirmed it was the purchaser of the Shipment and demanding an explanation. Brown emailed back on May 24, 2019 that:

Hi Roger,

Just wanted to touch base and let you know that I have yet to hear from our client. We are

-7-

1    actively trying to reach them and will let you know as soon as we have an update.

2

3    Thanks,

4    Jessica

5        19A.  RetailerCo and the Defendants have refused to disclose the name of the formal

6    seller of the Shipment to RetailerCo.  Therefor EBC does not know whether the "client" for which

7    EBC claims it was acting is a bona-fide third party in China that sought to import the Shipment

8    into China, an entity that is part of the RE, or a fiction.  In this Paragraph 19A, which is alleged in

9    the alternative to paragraph 19B, EBC alleges that either the "client" does not exist or the client,

10   hereby referred to as Doe 2 is a member of the RE based in the United States, and that the

11   representation of an existing agency relationship between Rymax Corp and a bona-fide client in

12   China was a fraud.

13       19B.   RetailerCo, its attorneys, Kolakowski, and Brown have refused to disclose the

14   name of the formal seller of the Shipment to RetailerCo.  Therefore EBC does not know whether

15   the "client" for which EBC claims it was acting is a bona-fide third party in China that sought to

16   import the Shipment into China, an entity that is part of the RE, or a fiction.  In this Paragraph

17   19B, which alleged in the alternative to paragraph 19A, EBC alleges that Rymax Corp stole the

18   Shipment from the undisclosed client, hereinafter referred to as Doe 1, and transferred it to

19   Brainstorm LLC.

20       20.    After confirming that RetailerCo had received the shipment on May 24, 2019, on

21   May 28, 2019 RetailerCo's attorneys at Greenberg Glusker  retracted that statement, stating that

22   the Shipment was en route and expected on May 24, 2019 but had not arrived.  As of the date of

23   this Complaint, the products are still at or within walking distance of RetailerCo's Loma Linda

24   distribution center.

25       21.    As of May 29, 2019, Tabs, refuses to provide any explanation of the conduct of the

26   Defendants.

27

28

1

2

## **FIRST COUNT**

3

## **FRAUD (COMMON LAW)**

4

(By Plaintiff EBC Against Rymax Corp, Brainstorm LLC, Kolakowski and Brown)

5

22.     EBC hereby incorporate, by this reference, paragraphs 1 through 21, inclusive, as if

6

set forth in full.

7

23.     Kolakowski, as President of Rymax Corp and Brainstorm LLC, made the false oral

8

representations set forth in paragraph 11 above.  Brown, as a Director of Rymax and executive of

9

Brainstorm, made the false representation in paragraph 13 above by email using the wire

10

communications system of the United States.   EBC relied upon these representations, that the

11

Shipment would be directed to China and not to RetailCo, in agreeing to sell the Shipment to

12

Rymax and Brainstorm LLC as agents. Allergan would not have sold the Shipment to EBC and

13

EBC would not have sold the Shipment to Rymax Corp/Brainstorm Logistics without this and

14

other representations.

15

24.     On May 21, 2019, Brown emailed to Baumann (with Kolakowski copied), the

16

written booking confirmation showing that the goods were going to Shanghai, China. If paragraph

17

19A is true then Brown created a fake reservation to ship goods to China when in fact there was

18

no one to ship the goods to. If paragraph 19B is true then Brown created a reservation to ship

19

goods to Shanghai, China which was intended to induce EBC to sell the Shipment to Rymax Corp

20

and Brainstorm LLC when it was the intention of Kolakowski and Brown to steal the Shipment

21

from Doe 2.  The dispatch of the "reservation" attached hereto as Exhibit A by scanning and then

22

emailing the documents was a use of the interstate wire communication systems.  EBC relied upon

23

the representation that there was a valid reservation of sea freight capacity for the Shipment to

24

Shanghai, China, and would not have sold the Shipment to Rymax Corp and Brainstorm LLC had

25

the document not been provided by Brown.

26

25.     The reliance by EBC on the representations and documents provided by

27

Kolakowski and Brown to EBC on behalf of Rymax, Brainstorm and the RE was reasonable.

28

26.     EBC suffered actual damages from relying upon the representations made by Kolakowski and Brown on behalf of Rymax Corp, Brainstorm LLC and the RE.  First, EBC's economic relationship with Allergan was imperiled.  Second, the representations of Kolakowski and Brown caused EBC to accept a lower effective price for the goods than they otherwise would have accepted, because Kolakowski convinced EBC that it had to accept a lower margin on sales to allow an adequate margin for both Rymax Corp and its "client."  Therefore, the profit margin of the transaction was $50,000 lower than other potential exports of the Shipment.  Third, in order to preserve its relationship with Allergan, EBC was required to devote internal resources and funds to outside counsel in order to stop the sale of the Shipment to RetailCo.

27.     EBC is entitled to rescind the contract and forfeiture of the Shipment to EBC or to injunctive relief barring the sale of the Shipment to any person not approved by EBC and Allergan, to actual damages, to punitive damages, and to costs.  EBC is entitled to punitive damages because Rymax Corp, Brainstorm LLC, Kolakowski and Brown intentionally used fraudulent statements to deprive EBC of its property, namely the Shipment, in willful disregard of EBC's rights.

**SECOND COUNT**

**RELIEF UNDER FLORIDA STATUTES CHAPTER 895**

(By Plaintiff EBC Against Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9 inclusive)

28.     Plaintiffs hereby incorporates by this reference paragraphs 1 through 21 and 23 through 26, inclusive, as if set forth in full.

29.     The conduct of Defendants violated Chapter 817 of Florida Statutes and if paragraph 19A is true, Chapter 812, which are defined as "racketeering conduct" under Chapter 895.  The RE is an enterprise that Rymax Corp, Brainstorm LLC, Kolakowski and Brown operated and conducted.  It engaged in a pattern of racketeering activity, that is to say "at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing

characteristics and are not isolated incidents."  Two incidents of fraud consisted of the fraudulent representations alleged in paragraph 11 above; the fraudulent representations set forth in paragraph 13 above; and the transmission of Exhibit A to EBC by Brown alleged in paragraph 15.  In addition, the statements of Brown made by email alleged in paragraph 17 and paragraph 18 each constituted a separate violation of Chapter 817.034 as part of a scheme to defraud.    On May 29, 2019 consigliere Tabs wrote to EBC's counsel making further false representations to discourage the filing of this lawsuit.  In particular, Tabs wrote "Rymax did not create any fraudulent reservation.  Rymax provided your client with documentation that was provided to it."  Brown, Kolakowski and Tabs each knew that the reservation was fake, as the Shipment had been picked up by truck destined to RetailerCo in California three days before the reservation was emailed by Brown to Baumann (with a copy to Kolakowski).

30.     The market value of the property at the time of the fraud was in excess of $700,000.00.  Plaintiff has been injured by the pattern of racketeering activities conducted by the Defendants Rymax Corp, Brainstorm LLC, Kolakowski, Brown and Does 2-9.  EBC requests injunctive relief against Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9, including an order dissolving Rymax Corp and Brainstorm LLC, an order returning the Shipment to EBC or restricting the disposition of the Shipment to person approved by EBC and Allergan, costs, reasonable attorney's fees, and other appropriate relief.

### THIRD COUNT

### RELIEF UNDER THE RACKETEER-INFLUENCED CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. § 1964 ET SEQ;

(By Plaintiff EBC Against Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9 inclusive)

31.     Plaintiff EBC hereby incorporates by this reference paragraphs 1 through 21 and 23 through 26, inclusive, as if set forth in full.

32.     Each of the actions identified above in paragraphs 11, 13, and 15 constitutes a "racketeering activity" under 18 U.S.C. § 1961(1), and in aggregate they constitute a "pattern of racketeering activity" under 18 U.S.C. § 1961(5).  The RE is an "enterprise" under 18 U.S.C.

§1961(4).  Kolakowski maintains an interest in and controls the RE through which she engages in the above referenced pattern of racketeering activity.  Brown participates in the conduct of the RE's affairs through a pattern of racketeering activities, namely conducting wire fraud. Tabs participates in the conduct of the RE's affairs through a pattern of racketeering activities, namely conducting structuring the fraudulent sales through Does 2-9 and making false written representations through the interstate wire communication systems, i.e. wire fraud. Each of the Defendants; Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9 have violated 18 U.S.C. § 1962 by causing the RE, an enterprise engaged in interstate commerce, to conduct or participate in such pattern of racketeering activity, and conspired to do so.  Rymax Corp is the vehicle through which the RE establishes its credibility as a purchaser of large quantities of luxury products. Brainstorm LLC is the entity which purchases the goods and sells them to the grey market, either directly or by one or more sham sales through Does 2-9.

33.     Plaintiff  EBC has been injured by the pattern of racketeering activities conducted by the Defendants Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9, who are jointly and severally liable to Plaintiff for three times the amount of economic losses arising from the pattern of racketeering activities plus attorney's fees.

34.     The Defendants Rymax Corp, Brainstorm LLC, Kolakowski, Brown and Does 2-9 conducted the pattern of racketeering activity alleged above with malice and/or willful intent to deprive EBC of property, namely the Shipment, meriting punitive damages.

### **FOURTH COUNT**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *et seq*.**

(By Plaintiff EBC Against Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9)

35.     Plaintiff EBC hereby incorporates by this reference paragraphs 1 through 21 and 23 through 26, inclusive, as if set forth in full.

36.     The conduct of the Defendants was and will be unlawful business acts or practices because they repetitively violated, *inter alia,* 18 U.S.C. § 1343,18 U.S.C. § 1962, and in addition constituted unfair business practices.

37.     The conduct Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9 set forth above was and will be a fraudulent business act or because it was fraud that deprived EBC of the Shipment.

38.     In engaging in conduct that constitutes unfair competition, the Defendants have acquired property from EBC and diverted it to California.

39.     The aforementioned business practices of the Defendants are likely to continue and therefore will continue to violate the law and deceive the public.

40.     The Defendants Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9 should be enjoined from engaging in future acquisitions of luxury goods for diversion into the grey market.  Brainstorm LLC and Rymax Corp should be ordered to restore the Shipment to EBC.


## FIFTH COUNT

### RECOVERY OF PERSONAL PROPERTY (CLAIM AND DELIVERY)

(By Plaintiff EBC as against Doe 10)

41.     Plaintiff EBC hereby incorporates by this reference paragraphs 1 through 21 and 23 through 26, inclusive, as if set forth in full.

42.     Doe 10 is as of the date of this Complaint in physical possession of the Shipment in Loma Linda, Riverside County, under the direction of Brainstorm LLC and the RE.  The Shipment was obtained from EBC by fraud committed by Kolakowski and Brown on behalf of Rymax Corp and Brainstorm LLC.  If paragraph 19B  is true, the Shipment was stolen from Doe 1 by Brainstorm LLC, however, EBC's rights are superior to Doe 1 (if it exists) because Doe 1 never received the Shipment and has failed to exert any rights against the other Defendants, and thus waived any ownership interest in the Shipment.

43.     EBC is entitled to an order restoring possession of the Shipment to EBC from Doe 10.

### SIXTH COUNT

### RELIEF UNDER PENAL CODE §496

(By Plaintiff EBC as against Brainstorm LLC and Does 2-9)

44.     Plaintiff EBC hereby incorporates by this reference paragraphs 1 through 21 and 23 through 26, inclusive, as if set forth in full.

45.     If paragraph 19B is true, then Rymax Corp stole the Shipment from Doe 1; then Brainstorm LLC and Does 2-9 received the stolen property.  Brainstorm LLC and Does 2-9 knew the property had been stolen from Rymax because they are all controlled by Kolakowski.

46.     EBC suffered actual damages from the receipt by Brainstorm LLC and Does 2-9 of the stolen Shipment.

47.     EBC is entitled to compensatory damages, tripled, costs of suit and reasonable attorney fees.

### SEVENTH COUNT

### TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

(By Plaintiff EBC as against Rymax Corp, Brainstorm LLC, Kolakowski, Brown, Tabs and Does 2-9)

48.     Plaintiff EBC hereby incorporates by this reference paragraphs 1 through 21 and 23 through 26, inclusive, as if set forth in full.

49.     Kolakowski and Brown were informed in writing and by email that a transfer of the Shipment to RetailCo would severely injure if not destroy EBC's existing business relationship with Allergan.  Kolakowski represented that any goods purchased by Rymax Corp as agent for this undisclosed principal would not under any circumstances be transferred to RetailCo.  Brown represented in writing by email that the goods were destined for China.  These wrongful fraudulent representations induced EBC to buy goods from Allergan and agree to sell them to Rymax Corp as agent for the undisclosed principal.  The representations of Kolakowski and

Brown were made with the specific intention of damaging EBC's relationship with Allergan and with callous indifference to the injury the transfer of the Shipment to RetailCo would impose on EBC.

50.    EBC suffered actual damages from the receipt by Brainstorm LLC and Does 2-9 of the Shipment.

51.    EBC is entitled to compensatory damages arising from the injury caused to its relationship with Allergan and the costs of seeking to keep it intact. EBC is entitled to punitive damages because Rymax Corp, Brainstorm LLC, Kolakowski and Brown intentionally used fraudulent statements to deprive EBC of its property, namely the Shipment, in willful disregard of EBC's rights and did so with malicious intent.

**WHEREFORE,** Plaintiff EBC respectfully demands the following relief:

<u>On the First Count</u>

1.    Compensatory damages according to proof at trial;

2.    An award of punitive or exemplary damages;

3.    Reasonable costs incurred in this action;

<u>On the Second Count</u>

1.    An order dissolving Rymax Corp and Brainstorm LLC

2.    An order returning the Shipment to EBC or restricting the disposition of the Shipment to person approved by EBC and Allergan

3.    Costs, reasonable attorney's fees, and other appropriate relief.

<u>On the Third Count</u>

1.    Compensatory damages according to proof at trial, tripled in accordance with 18 U.S.C. § 1964(c);

2.    An award of punitive or exemplary damages;

3.   Reasonable costs incurred in this action, including reasonable attorney fees
     pursuant to 18 U.S.C. § 1964(c);

On the Fourth Count

1.   For preliminary and permanent injunctive relief pursuant to Business & Professions
     Code Section 17203 and restraining and enjoining Defendants from continuing the
     violations acts of illegal, unfair, or fraudulent competition and requiring the
     Defendants to take any acts needed to prevent further violations, and in particular
     barring Defendants from diverting luxury goods into the grey market;

2.   For an order requiring the Defendants to provide an accounting of all moneys
     which they may have received from identifiable victims in California as a result of
     the acts and practices found to constitute unfair competition under Business and
     Professions Code Section 17200 *et seq.*;

3.   For an order that the Defendants make restitution of the Shipment to EBC;

On the Fifth Count

1.   Recovery of the Shipment to EBC.

2.   Reasonable costs incurred in this action;

On the Sixth Count

1.   Compensatory Damages multiplied by three;

2.   An award of reasonable attorney's fees; and

3.   Reasonable costs incurred in this action;

On the Seventh Count

1.   Compensatory Damages;

2.   Punitive Damages; and

3.   Reasonable costs incurred in this action;

COMPLAINT

<u>As to All Causes of Action</u>

1.    For costs of suit incurred herein;

2.    For such other and further relief as the Court deems just and proper.

Dated:  May 29, 2019

By:  /s Cyrus Sanai
                CYRUS SANAI
                SANAIS
                Attorney for Plaintiff

Plaintiff demands a jury trial.

By:  /s Cyrus Sanai
                CYRUS SANAI
                SANAIS
                Attorney for Plaintiff

COMPLAINT

# EXHIBIT A

# BAYLINK SHIPPING INC.

145-18 156TH STREET, SUITE 211 JAMAICA, NY11434, U.S.A.
TEL: (718)285-8155  FAX: (718)285-8156
EMAIL: info@baylinkusa.com

# BOOKING CONFIRMATION

| | | | |
|---|---|---|---|
| SHIPPER : BRAINSTORM LOGISTICS<br>19 CHAPIN ROAD<br>BLDG B<br>PINE BROOK, NJ 07058 | PREPARED BY : | | |
| | SALES BY : | | |
| | OUR BKG NO. : **NAM3573564** | | DATE : 05/16/19 |
| | CONSIGNEE : VIP | | |
| | NOTIFY PARTY : UNIT 402 FAIRMONT HOUSE, NO 8 | | |
| AGENT : SHANGHAI RIJIN TOP LOGISTICS CO.,LTD | COTTON TREE DRIVE<br>ADMIRALTY, HONG KONG | | |
| | EXPORT REF NO : PO# | | |

| | | | |
|---|---|---|---|
| VESSEL/VOY. NO : EVER LOADING  30W1M | PL. OF Rec : NEW YORK | | |
| | P.O.L. : NEW YORK, NY | | ETD : 05/16/19 |
| VESSEL CARRIER : CMDU | P.O.D. : SHANGHAI, CHINA | | |
| | PL. OF DEL. : SHANGHAI, CHINA | | |
| CARRIER'S BKG NO : **NAM3573564** | F. DEST. : | | ETA : 06/17/19 |

### AS PER YOUR DESCRIPTION

| | | |
|---|---|---|
| COMMODITY : | KGS : 0 | LBS : 6,020 |
| | CBM : 0.000 | CFT : 0 |
| DANGEROUS : Yes ☐ No ☑  L/C : Yes ☐ No ☑ | NO. OF PKGS : 11 SKIDS | UNIT : 48x40x60 |

### PLEASE DELIVER YOUR CARGO

| | |
|---|---|
| TO : MAHER TERMINAL, BERTH 64 (nj)<br>1210 CORBIN STREET<br>ELIZABETH, NJ 07201 | *Deliver by Cut-Off Date and Time.*<br>PORT/RAIL : 05/14/19          16:00<br>WHSE :<br>SED / DOC :<br>MOVE TYPE :  DOOR/CY |

### EMPTY CONTAINER PICK-UP LOCATION

| | |
|---|---|
| LOCATION : COLUMBIA GROUP 07201<br>1100 POLARIS ROAD NEW YORK NY, 07201 | TEL. NO. :<br>FAX. NO. :<br>Cntr. Size : |

### YOUR CARGO WILL BE PICKED-UP

| | |
|---|---|
| LOCATION : BRAINSTORM LOGISTICS<br>19 CHAPIN ROAD BLDG B, PINE BROOK, NJ 07058 | |
| BY : TOP ROAD INC | TEL. NO. : 718-551-9177 |

THIS SHIPMENT WAS NOT PRE-QUOTED. PLEASE NOTE THE REMARK.

### REMARK

Seal # 9510779

**Thank You for using our service !**

# EXHIBIT B

| MPN | BATCH CODE | Description | Quantity |
|---|---|---|---|
| 94910 | 9AB1/9AA1 | SM-94910 SkinMedica TNS Essential Serum 1.0 oz | 2,004 |
| 95863 | 090667 | SM-95863 SkinMedica TNS Recovery Complex 1.0 oz. | 480 |
| 95603 | 090004 | SM-95603 SkinMedica HA5 Rejuvenating Hydrator 2.0 oz | 1,200 |
| 95772 | 086612 | SM-95772 SkinMedica Lytera 2.0 Pigment Correcting Serum | 1,200 |
| 94944 | 089994 | SM-94944 SkinMedica Facial Cleanser | 1,200 |
| 94926 | 088942 | SM-94926 SkinMedica Retinol Complex 1.0 | 2,004 |
| 94931 | 090258 | SM-94931 SkinMedica TNS Illuminating Eye Cream | 2,004 |
| 94934 | 9AA1 | SM-94934 SkinMedica TNS Eye Repair | 2,004 |
| 94959 | 128LA1 | SM-94959 SkinMedica Dermal Repair Cream | 2,004 |
| 94929 | 088710 | SM-94929 SkinMedica AHA/BHA Cream | 48 |
| 95274 | 090241 | SM-95274 SkinMedica Replenish Hydrating Cream | 48 |
| 96514 | 091676C | SM-96514 SkinMedica Glow on the Glo Essentials System | 48 |